```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,              :    INDICTMENT

        -v.-                           :    13 Cr. _____ (___)

WILLIAM R. COSME,                      :
    a/k/a "William R. Cosmo,"
                                       :
        Defendant.
                                       :
------------------------------------x
```

**ORIGINAL**

**13 CRIM 043**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 17 2013

<u>**COUNT ONE**</u>
(Securities Fraud)

The Grand Jury charges:

**<u>Relevant Persons and Entities</u>**

1.   At all times relevant to this Indictment, WILLIAM R. COSME, a/k/a "William R. Cosmo," the defendant, was an individual residing in Long Island, New York, and Manhattan.

2.   At all times relevant to this Indictment, Cosmo Dabi International Trading Group Inc. ("Cosmo Dabi") was an entity that maintained its principal place of business in Manhattan. WILLIAM R. COSME, a/k/a "William R. Cosmo," the defendant, owned, controlled, and operated Cosmo Dabi.

3.   The Cosmo Dabi website represented, among other things, that Cosmo Dabi was a "Privately Held, Global, Private Equity family practice with a concentration on it's [sic] own Family's Private Wealth Management, Commercial [real estate], physical gold trade and Business Consulting." The Cosmo Dabi website further represented publicly that Cosmo Dabi "manages family assets with a Net Asset Value in excess of USD $11b on a global basis." COSME further represented publicly that "the family member ROI [return on investment] for



ultra low risk programs with are also 100% Principal Protected have returned a consistent net 25%++ per annum over the past (10) consecutive years."

4. At all times relevant to this Indictment, a school located in the Republic of Korea (the "International School") has served a population of approximately 450 students from pre-kindergarten through twelfth grade.

### The International School Deposits $5.5 Million for COSME to Invest on Behalf of the International School

5. In or about 2010, the International School sought to expand to another city. In order to obtain funds to do so, the International School entered into, on or about January 19, 2011, a written Private Funding and Security Agreement (the "Funding Agreement") with WILLIAM R. COSME, a/k/a "William R. Cosmo," the defendant, acting on behalf of Cosmo Dabi. The Funding Agreement provided, among other things, that:

a. Cosmo Dabi would lend the International School approximately $55 million (the "Private Funding Amount");

b. The International School would make a deposit of approximately $5.5 million (the "Equity Deposit");

c. The Equity Deposit would be used by COSME and Cosmo Dabi to "facilitate managed, matched buy/sell/trade finance strategies using private physical gold products, other commodities, automotive, investment grade financial instruments and or various other types of transactions from which the proceeds shall be used to generate the Private Funding Amount."

d. The International School "appoint[ed] and retain[ed] [Cosmo Dabi] as its fund manager ('Manager') -- on the terms and conditions set forth herein for the

Equity Deposit. [Cosmo Dabi] accept[ed] such appointment and assume[d] responsibility for the fund management on the [date that the Equity Deposit is received by Cosmo Dabi], and agree[d] to manage and direct the Equity Deposit funds to generate the desired Private Funding Amount guaranteed upon all borrower qualifications and conditions being satisfactory to [Cosmo Dabi]."

    e. The International School could draw down upon the loan in the amount of approximately $15 million a specified time period after the Equity Deposit is received by Cosmo Dabi, which was estimated to be March 31, 2011, and that further dates on which the International School could draw down upon the loan could be adjusted upon various additional conditions.

    6. On or about January 21, 2011, and pursuant to the Funding Agreement, the International School sent by wire transfer from an account located outside of the United States approximately $5.5 million to an account maintained by WILLIAM R. COSME, a/k/a "William R. Cosmo," the defendant, at a branch of JPMorgan Chase Bank, N.A., in Manhattan.

### **COSME Steals Much of the Equity Deposit Rather Than Investing It**

    7. Rather than investing the entirety of the Equity Deposit on behalf of the International School, WILLIAM R. COSME, a/k/a "William R. Cosmo," the defendant, diverted substantial portions of the Equity Deposit to accounts held in COSME's own name, rather than the name of Cosmo Dabi, which was the signatory to the Private Funding Agreement, and misappropriated substantial portions of Equity Deposit for his own personal use. For example:

    a. Between approximately January 24, 2011, and July 10, 2012, COSME made purchases totaling at least approximately $100,000 with various gas stations, stores, cellular telephone service providers, restaurants, airlines, and parking garages, among

others, in Manhattan and elsewhere, including expenditures totaling over approximately $12,000 at the Mandarin Oriental Hotel, a luxury hotel located in Manhattan, in or about July 2011.

b. Between approximately February 15, 2011, and September 12, 2011, COSME made purchases totaling at least approximately $87,833 in Las Vegas, Nevada, including at various hotels and casinos.

c. Between approximately April 5, 2011, and May 17, 2011, COSME transferred, and caused to be transferred, a total of approximately $199,000 to a bank account maintained by The Venetian, a hotel and casino in Las Vegas, Nevada, for further credit to a house account maintained by The Venetian on behalf of COSME.

d. On or about September 5, 2011, COSME purchased a Cadillac Escalade automobile for approximately $47,879.38 from an automobile dealership located in Smithtown, Long Island.

e. Between approximately September 20, 2011, and September 28, 2011, COSME purchased a 2012 Lamborghini Gallardo for approximately $314,915 from an automobile dealership located in Manhattan.

f. On or about October 15, 2011, COSME purchased a Nissan Juke automobile for approximately $27,036.

g. On or about April 16, 2012, COSME purchased a Ferrari 458 automobile for approximately $296,000 from an automobile dealership located in Plainview, New York.

h. Between approximately January 24, 2011, and May 2, 2012, COSME made purchases totaling at least approximately $23,705 to insure one or more automobiles at an automobile insurance brokerage firm located in New York State.

i. Between approximately February 1, 2011, and November 20, 2012, COSME caused at least approximately $110,000 to be paid, including by wire transfer, as rent on various properties, including a luxury residence located in Manhattan.

j. On or about January 9, 2012, and January 19, 2012, COSME cashed two checks in the total amount of approximately $35,000 at a check-cashing establishment located in Farmingdale, New York.

k. On or about January 23, 2012, COSME cashed two checks in the total amount of approximately $415,000 at a check-cashing establishment located in Farmingdale, New York.

l. On or about March 15, 2012, COSME cashed a check in the amount of approximately $500,000 at a check-cashing establishment located in Farmingdale, New York.

8. With respect to the portion of the Equity Deposit that WILLIAM R. COSME, a/k/a "William R. Cosmo," the defendant, did not misappropriate and convert to his own use, COSME did not invest in "managed, matched buy/sell/trade finance strategies" that COSME had represented to the International School that he would use to manage the Equity Deposit and to generate the funds to be loaned to the International School. Instead, COSME invested nearly exclusively in the publicly traded securities of large U.S.-based companies, such as: Apple Inc.; Google Inc.; Facebook, Inc.; Johnson & Johnson; Morgan Stanley; and Pfizer Inc.

9. Beginning in approximately March 2011, the International School repeatedly sought to draw down upon the loan. However, WILLIAM R. COSME, a/k/a "William R. Cosmo," the defendant, never lent the International School any of the funds that the International School had arranged to borrow, nor did COSME return the Equity Deposit to the

International School. Further, COSME made false and fraudulent statements about the Equity Deposit that COSME was to have invested on behalf of the International School. For example:

      a.    On or about May 11, 2011, COSME caused a letter to be sent via e-mail to a representative of the International School. In the letter, COSME falsely and fraudulently claimed, in substance and in part, that the account where the Equity Deposit was being invested had a balance of more than approximately $12.5 million.

      b.    On or about June 28, 2011, COSME caused an e-mail to be sent to a representative of the International School through another person. In the e-mail, COSME discussed the trading strategy that COSME claimed he was employing with the Equity Deposit. Among other things, COSME claimed that the International School's seeking a refund of the Equity Deposit caused him to cease activity on behalf of the International School and that "stop and go flow of dollars retards velocity especially when large trades or investments are teed up . . . AND READY TO GO. . . " (ellipses in original). In truth and in fact, the securities transactions in which COSME had principally engaged were in highly liquid, publicly traded securities, such as shares of: Apple Inc.; Google Inc.; Facebook, Inc.; Johnson & Johnson; Morgan Stanley; and Pfizer Inc.

### Statutory Allegations

10.    From at least on or about late 2010 through in or about December 2012, in the Southern District of New York and elsewhere, WILLIAM R. COSME, a/k/a "William R. Cosmo," the defendant, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal

Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, COSME represented and agreed that COSME would invest for the benefit of the International School the entirety of approximately $5.5 million provided to him by the International School, but instead COSME diverted substantial portions of these funds to accounts held in his own name and misappropriated substantial portions of these funds to make purchases for his personal use, and did not invest these funds in the manner that COSME had falsely and fraudulently represented that he would.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT TWO
### (Investment Advisor Fraud)

The Grand Jury further charges:

11. The allegations set forth in paragraphs 1 through 9 are repeated and realleged as if set forth fully herein.

12. From at least on or about late 2010 through in or about December 2012, in the Southern District of New York and elsewhere, WILLIAM R. COSME, a/k/a "William R. Cosmo," the defendant, acting as an investment adviser with respect to investors and potential investors, willfully and knowingly, by use of the mails and means and instrumentalities of interstate commerce, directly and indirectly, did: (a) employ devices, schemes, and artifices to defraud clients and prospective clients; (b) engage in transactions, practices, and courses of business which operated as a fraud and deceit upon clients and prospective clients; and (c)

7

engage in acts, practices, and courses of business that were fraudulent, deceptive, and manipulative, to wit, COSME represented and agreed that COSME would invest for the benefit of the International School the entirety of approximately $5.5 million provided to him by the International School, but instead COSME diverted substantial portions of these funds to accounts held in his own name and misappropriated substantial portions of these funds to make purchases for his personal use, and did not invest these funds in the manner that COSME had falsely and fraudulently represented that he would.

(Title 15, United States Codes, Sections 80b-6, 80b-17;
and Title 18, United States Code, Section 2.)

## COUNT THREE
### (Wire Fraud)

The Grand Jury further charges:

13.  The allegations set forth in paragraphs 1 through 9 are repeated and realleged as if set forth fully herein.

14.  From at least on or about late 2010 through in or about December 2012, in the Southern District of New York and elsewhere, WILLIAM R. COSME, a/k/a "William R. Cosmo," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, COSME represented and agreed that COSME would invest for the benefit of the International School the entirety of approximately $5.5 million provided to him by the International School via wire transfer, but instead COSME diverted, including by wire transfer, substantial portions of

these funds to accounts held in his own name and misappropriated substantial portions of these funds to make purchases, including by wire transfer, for his personal use, and did not invest these funds in the manner that COSME had falsely and fraudulently represented that he would.

(Title 18, United States Code, Sections 1343 and 2.)

### FORFEITURE ALLEGATION

15. As a result of committing one or more of the offenses alleged in Counts One through Three of this Indictment, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Count One), investment adviser fraud, in violation of Title 15, United States Codes, Sections 80b-6, 80b-17, and Title 18, United States Code, Section 2 (Count Two), and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2, WILLIAM R. COSME, a/k/a "William R. Cosmo," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2) and Title 28, United States Code, Section 2461, any and all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the said offenses, including but not limited to the following:

    a. Approximately $5.5 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the charged offenses;

    b. All of the defendant's right, title, and interest in the following properties:

        1. Any and all funds and other property on deposit in account number 22510394 held at Scottrade, Inc., in the name of William Cosme;

2. Any and all funds and other property on deposit in account number 22508316 held at Scottrade, Inc., in the name of William Cosme;

3. Any and all funds and other property on deposit in account number 22512257 held at Scottrade, Inc., in the name of William Cosme;

4. Any and all funds and other property on deposit in account number 4800018653 held at Sterling National Bank in the name of Cosmo Dabi International Trading Group;

5. Any and all funds and other property on deposit in account number CM8-324400 held at Chase Investment Services Corp. in the name of William Cosme;

6. Any and all funds and other property on deposit in account number 955527007 held at JPMorgan Chase Bank, N.A., in the name of William R. Cosme;

7. Any and all funds and other property on deposit in account number 295490-6190 held at JPMorgan Chase Bank, N.A., in the name of Cosmo Dabi International Trading Group;

8. Any and all funds and other property on deposit in account number 875936619 held at JPMorgan Chase Bank, N.A., in the name of Cosmo Dabi International Trading Group;

9. Any and all funds and other property on deposit in account number 901936625 held at JPMorgan Chase Bank, N.A., in the name of Cosmo Dabi International Trading Group;

10. Any and all funds and other property on deposit in account number 2975596087 held at JPMorgan Chase Bank, N.A., in the name of Cosmo Dabi International Trading Group;

11. The 2012 Lamborghini Gallardo bearing vehicle identification number ZHWGU6AUXCLA11382;

12. The 2011 Ferrari 458 Italia bearing vehicle identification number ZFF67NFA7B0180598;

13. The 2011 Cadillac Escalade bearing vehicle identification number 1GYS4HEF8BR342863;

14. The 2011 Nissan Juke SV AWD bearing vehicle identification number JN8AF5MV8BT028897;

15. Any and all funds and other property on deposit held in the name of William R. Cosme, a/k/a "William R. Cosmo," d/b/a "Cosmo Dabi International Trading Group," at the Venetian Resort and Casino, Las Vegas, Nevada; and

16. Approximately $634,894.00 in United States currency seized on or about December 19, 2012.

### Substitute Assets Provision

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2) and (b); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

WILLIAM R. COSME,
a/k/a "William R. Cosmo,"

Defendant.

INDICTMENT

13 Cr. _____ (_____)

(Title 15, United States Code, Sections 78j(b), 78ff, 80b-6, 80b-17; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Sections 1343 and 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

*[signature]*
Foreperson.

*1/17/13 - Filed Indictment*
*Case assigned to Judge Baer.*
*[illegible]*