Hon. Loretta A. Preska
United States District Judge
Chief U.S. District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

May 27, 2016



Mr. Cosme's remedy for his disagreement with the Court's determination that the probable cause issue shall be determined first is an appeal. It is not to reargue the point.

SO ORDERED
*/s/ Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE
June 26th, 2016

Faxed to Chief Judge Preska, emailed to Ausa Bell, Ausa Paul

**RE: RETAINED COUNSELS**

Good Day Your Chief Justice,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5·31·16

Below are threshold matter issues relating to Asset Forfeiture counsel, REMAND arguments.

**ISSUE** - RETAINED REMAND COUNSEL ABANDONMENT

**REMEDY** (suggested) – DIRECT RETAINED COUNSEL PRYOR CASHMAN TO RETURN ALL FEES PLUS DAMAGES FOR ABANDONMENT FROM THE APPELLATE COURT AND REMAND AIDED, CAUSED BY AUSA BELL AFTER BEING DENIED WITHDRAW BY SECOND CIRCUIT CHIEF JUDGE CABRANES

Mr. Cosme respectfully understands the court's repeated choices for the sequence of litigation, counsel, property, due process. The sequence of events chosen by the District court still violates the fundamental constitutional rights of the Defendant. The court's chosen sequence

is constitutionally out of phase and is caused by AUSA misdeeds, bad faith massive constitutional violations, AUSA frauds, respectfully.

**NOTICES OF APPEARANCES** - all RETAINED counsels have notices of appearance on file, or engagements. The court has inadvertently failed to properly recognize counsels or events. The SDNY, CA2 dockets in part also discloses who current retained counsels are. The CJA was operating absent full file and also abandoned the issues due to laziness, busy case loads, verifiable incompetence, conflicts, aid to ongoing constitutional violations with verifiable rogue AUSA Bell.

Mr. Cosme does not define all retained counsels as counsel of choice if his full financial capacity was unlawfully and substantially diminished, constitutionally violated.

Mr. Cosme opted *pro se* on 3/29/16 until interim complex counsel matters, constitutional violations were corrected by the courts. Mr. Cosme also invoked his 6th Amendment right to counsel of choice on 03/29/16 and prior, denied by the court.

The CJA abandoned all complex matters, so the only option left was to *pro se* the interim while being constitutionally violated, not the first time.

Mr. Cosme believes in Supreme Law. The U.S. Constitution defines for the courts the pecking order of Due Process, property rights, counsel, all the court really has to do is properly administer the rights, respectfully.

On that note, the 6th Amendment does not include installing counsel of choice after complex bad faith government legal arguments or substitutions of retained counsels with CJA in violation of the 4th,5th,6th and 14th Amendments which the Defendant raises. These are threshold matters, federally guaranteed rights based upon the U.S. Constitution which cannot ever be tampered with by a officer of the court. The proceedings are absolutely uncivil, illegal and lead by a verifiably rogue AUSA Martin Spencer Bell, a individual who feels he is above the law, but not even in good standings as a lawyer.

Pre existing or new Counsel of Choice in this case is required and guaranteed **prior** to complex legal arguments which are made more complex by the rogue AUSA, massive constitutional violations, court error respectfully. Counsel stability, conflict is a pre trial and threshold matter needing immediate proper resolution prior to arguing anything.

Please note, the Defendant has (8) retained law firms engaged related to TCIS, case indexes 13cr43 and 14-1625, Civil, Criminal litigation, neither are counsel of choice. The counsels after communications with AUSA Bell claim they can self withdraw, abandon under the authority of the court and Ausa Bell absent any motions **unless paid more money**. Mr. Cosme or his legal experts have never heard of this law or "self withdrawal process", alleged rule.

The AUSA, FBI have verifiably interfered with all (8)+ retained counsels in violation of the 4th,5th,6th and 14th Amendments. *see US v. Stein, 541 F. 3d 130 - Court of Appeals, 2nd Circuit 2008.* The FBI has even visited retained counsel offices to drop off evidence unconstitutionally acquired, off docket, bribed counsel not to interfere with the unlawful Asset

Forfeiture incentives, verifiably. That illegal act aided by the retained counsel disqualifies counsel and the Agents and causes prosecution of them.

Their are multiple retained engagements that include but are not limited to REMAND, SCOTUS, APPELLATE, TCIS Loan contract and transactional legal representation specifically related to TCIS and Asset Forfeiture litigation via Pryor Cashman. Mr. Cosme has provided the court with the various retained engagements and proofs of denial of withdraw upon Pryor Cashman by CA2 proving their violations, abandonment and CJA DeMarco being appointed, substituted in violation of the constitution, appellate jurisdiction, rules via a email.

Due to Pryor Cashman abandonments aided, facilitated by rogue AUSA Bell of the multiple retained engagements that initiated from pre arrest November 2011 to present, potential misappropriation of client funds after being denied withdraw by the Chief Appellate Judge pre appellate opinion, Mr. Cosme requests that the District court direct Pryor Cashman and AUSA Bell to return all fees plus damages to Mr. Cosme and his firms so he can install sub counsel of choice at least in part until all of his non tainted assets plus damages are returned by the government's verifiably fabricated case. Mr. Cosme did invoke counsel of choice via the 6th Amendment, a threshold matter as well as 4th, 5th, 14th, if the court missed it, it os invoked at this time.

In criminal cases, blended civil, criminal, counsel cannot "self withdraw" or enter absent court approval, client consent.

Pryor Cashman was denied their withdraw motion by CA2, but abandoned anyway denying appellate court orders as CJA DeMarco and others did with the aid of AUSA Bell.

The counsels all informed the Defendant/Client that they can do as they please regardless of laws, rules unless they were paid more money and that they reported to your Honor, not the Defendant/Client and their actions were approved by your Honor, Ausa Bell absent anything on docket.

Note, Cosme incurred over $1mm in legal fees to date caused by the Ausa Bell and others gross misconduct, malfeasance bad faith, perjuries. Sanction is required based upon statute, contracts, constitutional rights.

This is a District issue in one aspect because the District inadvertently erred by substituting a cadre of destructive, uncivilized rogue CJA for (5) pre existing retained counsels. One destructive CJA was happily appointed criminal/civil counsel via email in the absence of the court and consent by the Defendant. Had the District court performed the substitution of counsels in compliance with the Rules, 6th Amendment, proper jurisdiction and non interference by AUSA Bell, this matter could have been raised at that juncture before the court, respectfully.

Pryor Cashman claims that the CJA substitution for Retained counsel, alterations to Retained engagement obligations occurring during the Appellate jurisdiction was lawful and approved by AUSA Bell and your Honor, however the legal protocol required for such a elaborate substitutions is absent and in light of Pryor Cashman being denied their withdraw

motion by the Second Circuit. The District court and or the rogue Forfeiture AUSA cannot interfere with appellate jurisdiction as occurred.

The Ausa cannot interfere with, alter retained counsel engagements, pierce appellate jurisdictions or deny unconditional advancements of legal fees, expenses by the Defendant's employer who acted in bad faith, was convicted, KPMG verified the alleged victim in this case was the criminal based upon the accounting and AUSA Bell interfered with counsels of choice, $4^{th}, 5^{th}, 6^{th}$ and 14th Amendments, also see citing in regards counsel interference, *US v. Stein, 541 F. 3d 130 - Court of Appeals, 2nd* Circuit 2008

In light of the above, please direct Pryor Cashman and the government to return all legal fees plus damages in the interim and to adhere to the underlying engagements, employer contractual rights that unconditionally guarantee Mr. Cosme advance payment of legal fees, all expenses plus damages enabling him to argue fairly. The outcome of the probable cause litigation cannot be constitutional if the threshold matters go unresolved.

Best Regards,

*William R. Cosme*

William R. Cosme