# Mark S. DeMarco
Attorney At Law
3867 East Tremont Avenue
Bronx, New York 10465
718 239 7070
Fax 718-239-2141
MSDLaw@aol.com

July 5, 2017

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY  10007

**BY ECF & HAND DELIVERY**

                Re:    *United States v. William Cosme*
                           13 Cr. 043 (LAP)

Your Honor:

**Introduction**

      William Cosme is 51 years old and a United States citizen (T. 724; PSR ¶ 77).[1]  Apart from the offense conduct in this case, he has led a crime-free life.  His offense conduct stands in stark contrast to his lifelong record of consistent employment.  In short, Mr. Cosme's offense conduct in this case was aberrational – entirely inconsistent with his character.  As discussed further below, Mr. Cosme's personal history and characteristics render a sentence of two years imprisonment sufficient but not greater than necessary to achieve the purposes of sentencing set forth in *18 U.S.C. § 3553(a)*.

      On March 21, 2017, William Cosme was convicted of Counts One and Two of the instant indictment after a trial by jury before this Court. Count One charged defendant with wire fraud in violation of  *18 U.S.C. § 1343* and Count Two charged him with aggravated identity theft in violation of *18 U.S.C. § 1028A(a)(1)*.  At the outset, it must be noted that Mr. Cosme attempts in no way to minimize the seriousness of these crimes.

      Mr. Cosme,  a 51 year old man with a no criminal history [T. 725; PSR ¶ 72], respectfully requests that the Court consider his age and lack of criminal past, in fashioning a non-guideline sentence.  This letter is submitted to provide information to assist this Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by *18 U.S.C. § 3553(a)* in light of *United States v. Booker*, 543 U.S.

---

[1] Numerals preceded by "T." refer to the trial transcript and those preceded by "PSR ¶." refer to the Presentence Investigation Report.

Hon. Loretta A. Preska
July 5, 2017

220 (2005).

**Application of the Section *3553(a)* Factors Calls for a**
**Sentence of Two Years' Imprisonment**

  A court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of the Guidelines. *18 U.S.C. § 3553(a)*. The Guidelines range is the "starting point and the initial benchmark." *United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009) (quoting Gall v. United States, 552 U.S. 38 (2007))*. "A district court is authorized to depart from a Guidelines range if the court finds that 'there exists an aggravating or mitigation circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" *United States v. Juvenile Male Po, 466 Fed. Appx. 14, 15 (2d Cir. 2012) (summary order) (citing 18 U.S.C. § 3553(b))*.

  The Court, however, is to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed —
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for —
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
>
> (5) any pertinent policy statement . . . [issued by the Sentencing

>
> Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

*United States v. Boykins-Jenkins, 09 Cr. 861-01, 2011 U.S. Dist LEXIS 107255, at * 2 (S.D.N.Y. Sept. 22, 2011) (quoting 18 U.S.C. § 3553(a))*. The defense respectfully submits that a below-Guidelines sentence is appropriate here.

**The Sentencing Factors As Applied to William Cosme**

*18 U.S.C. § 3553(a),* and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), outline the task facing district courts in considering the guidelines. The court must determine the applicable guidelines range, and further consider applicable policy statements. After thus considering the guidelines, the Court must consider all the other factors set forth in *§ 3553(a)* before determining whether (i) to impose the sentence that would have been imposed under the guidelines, i.e. a sentence within the applicable guideline range or within permissible departure authority, or (ii) to impose a non-guideline sentence.

**Personal Characteristics**

As set forth in the PSR and attached letters submitted on his behalf [**see Defendant's Exhibit A**], Mr. Cosme is a devoted, kind, generous and hard working brother, uncle, cousin and friend. Unable to even recall his father's name or the cause of his death [PSR ¶¶ 78, 79], Mr. Cosme was raised predominantly by his mother under lower middle class conditions in Suffolk County, New York (T. 724; PSR ¶ 79). His father, who abandoned the family at or near Mr. Cosme's birth, provided absolutely no financial support (PSR ¶ 79). As his cousin Keith Cullen writes, "[Mr. Cosme] was brought up without his father and lost his mother to cancer at a very young age. This did not stop him from being driven to try and accomplish all of his life goals." Indeed, Mr. Cosme overcame these obstacles to earn his high school diploma [PSR ¶. 89]; attend Surburban Technical School and Suffolk Community College [PSR ¶¶. 91-93], and; to own and operate a successful employment staffing and consulting agencies for more than ten years (T. 639-41, 646-48; PSR ¶¶. 99-102).

Furthermore, despite growing up without a father and losing his mother to cancer, Mr. Cosme is devoted to his family and friends. His brother John Cosme writes that "[h]e has a tireless devotion to his family. He is always trying to make things better and he is always willing to help . . . For our family members, [Mr. Cosme] is always a trusted person that dives head first into difficult situations. He describes a time when, after their cousin Gabriel died, Mr. Cosme "stepped up to support his mother, the very same Shirley Goldberger who testified against him."

Hon. Loretta A. Preska
July 5, 2017

Finally, Ms. Kim Shek, Mr. Cosme's friend for over 14 years, describes him as a hard working man and writes about being invited to and attending several Thanksgiving dinners with Mr. Cosme and his family since she had no family in this country.

### **Mr. Cosme's Age**

William Cosme is currently 51 years old and, after being convicted of a crime for the first time in his life, is incarcerated at the Metropolitan Detention Center in Brooklyn, New York. He has been in custody since he was convicted in March 2017.

While "[a]ge . . . is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." *Guidelines § 5H1.1* (Policy Statement), the Sentencing Reform Act provides that the Sentencing Commission "shall consider whether" various factors, including a defendant's physical condition, "have any relevance" to the "imposition of [a] sentence[] of . . . imprisonment," and that it "shall take th[ose factors] into account only to the extent that they do have relevance." *28 U.S.C. § 994(d)(5)*; *see United States v. Cutler, 520 F.3d 136 (2d. Cir. 2008)*.

This case is truly extraordinary. Since his arrest, Mr. Cosme is literally a different person than the one who committed the crimes charged here. He is mentally and physically weaker, and constitutes significantly less of a threat of law violation, than was the case previously. His arrest in this case has forced him to "to accept financial support from others."

Mr. Cosme's incarceration will be far more difficult than that of a younger, stronger and an emotionally more stable person. In addition, Mr. Cosme's age seriously erodes his capacity to threaten society. It is hard to imagine a 51 year old man having the physical and mental capacity to commit additional crimes.

Accordingly, this is a case where imprisonment, which would otherwise be justified to protect the public, is wasteful and unnecessary. This brings us to the question of the extent of this Court's variance. Beyond question, some portion of the prison sentence recommended by the Guidelines in this case is based on rationales of incapacitation and special deterrence. These rationales are inapplicable here since Mr. Cosme is radically less likely to commit further crimes than the typical person and, accordingly, the sentence should be reduced. Such a sentence is more than sufficient to carry out the goals of sentencing, to vindicate the law and provide deterrence. The sentence provided for in the guidelines, is not appropriate in this case, given the defendant's age and physical infirmities.

Hon. Loretta A. Preska
July 5, 2017

**The Need to Avoid Unwarranted Sentencing Disparities**

In this case, United States Probation and the government's sentencing calculations are driven, more than any other single factor, by the inordinate emphasis that the Sentencing Guidelines place in fraud cases on the amount of actual or intended financial loss.

In *United States v. Adelson*, No. S2 05 CR 325 (JSR), 2006 WL 2008727 (S.D.N.Y. July 20, 2006), Judge Rakoff was called upon to determine an appropriate sentence in a white collar fraud case following a jury verdict, where the adjusted guideline level was calculated at level 46. Rather than imposing the advisory life sentence, Judge Rakoff, opining that the case was one where the "Sentencing Guidelines lead to a result so patently unreasonable as to require the Court to place greater emphasis on other sentencing factors to derive a sentence that comports to federal law," imposed a 42-month sentence.

Similarly, in the fraud case of *United States v. Smith*, 2008 WL 4662346 (E.D.N.Y. October 20, 2008), Judge Weinstein departed from a guideline sentence range of 235-240 months' imprisonment by imposing a sentence of probation.

Moreover, as stated above, a sentencing court is required to "consider the Guidelines 'sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant,' the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims." *United States v. Booker, 125 S. Ct. at 764 (citations omitted).*

Recently, United States District Judges in the Southern District of New York have imposed the following sentences in cases involving mail, wire and bank fraud convictions:

In *United States v. Gregory Rorke*, *15 Cr. 011 (KPF)*, defendant, who fraudulently raised approximately $3 Million from more than 30 investors, was sentenced to 2 years in prison on May 13, 2016;

In *United States v. James Shea and Eugene Fallon*, *15 Cr. 546 (PAE)*, defendants, who embezzled $2.6 Million from an international insurance company, were sentenced to 18 months' and 3 months' imprisonment, respectively, on March 31, 2016, and April 21, 2016;

In *United States v. William B. Foster, 06 Cr. 357 (KMW)*, defendant, who defrauded more than 250 people of $23 Million, was sentenced to three years imprisonment on September 28, 2010;

In *United States v. Robert Zuber, 09 Cr. 970 (RMB)*, defendant, who was responsible for roughly $950,000 in loss, was sentenced to 20 months' imprisonment on May 18, 2010;

Hon. Loretta A. Preska
July 5, 2017

In *United States v. Alexander Kaplan, 06 Cr. 1179 (RJH)*, defendant, a Brooklyn-based real estate lawyer who was convicted after a two-week trial for his role in a multi-million-dollar mortgage fraud scheme, was sentenced to 46 months in prison on June 17, 2011, and;

In *United States v. Goberdhan, 09 Cr. 958 (SAS)*, real estate attorney Cheddi Goberdhan was sentenced on June 7, 2011, to five years in prison for his role in a massive mortgage fraud scheme involving loans totaling $23 million on over 44 properties in the New York area.

While Mr. Cosme acknowledges that all defendants and all fraud cases are unique in their circumstances and issues, he respectfully requests that this Court review for reasonableness the sentence range called for by the guideline calculations in this case and consider the other *3553(a)* factors in fashioning an appropriate sentence.

Although Mr. Cosme's childhood was difficult, he has a long employment history. His primary goal is to return to his family and to return to society as a productive, hard working man. His intelligence, strength and perseverance bode well for this goal and for his ultimate rehabilitation. Accordingly, we urge Your Honor to give effect to the statutory admonition embodied in *§ 3553(a)* by imposing a non-guideline sentence, one substantially less than that recommended by the sentencing guidelines.

Finally, Mr. Cosme respectfully requests that this Court recommend, pursuant to *18 U.S.C. § 3582(a)*, that the United States Bureau of Prisons ("BOP") designate defendant to be housed in a facility located in the Northeast Region of the United States to facilitate family visits.

                                                  Respectfully Submitted,

                                                  *Mark S. DeMarco*

                                                  Mark S. DeMarco
                                                  Attorney for William Cosme

cc:    Martin Bell, Esq.
        Noah Solowiejczyk, Esq.
        Assistant United States Attorneys
        By Electronic Mail

        Mr. William Cosme
        Reg. No. 67795-054
        MDC Brooklyn
        P.O. Box 329002
        Brooklyn, NY 11232