UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

           Plaintiff

   -against-

WILLIAM R. COSME,

           Defendant.

13 CR 43 (LAP)

ORDER

---

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of Mr. Cosme's letter dated February 28, 2022 [dkt. no. 461]. The Court considers this letter [dkt. no. 461] a Motion to Reargue Mr. Cosme's Motion to Compel Arbitration [dkt. no. 453], which the Court denied on February 10, 2022 [dkt. no. 454]. For the reasons set forth below, the motion is denied.

    Here, Mr. Cosme seeks improperly to reargue the merits of his prior Motion to Compel Arbitration. Mr. Cosme raised all the claims asserted in the Motion to Reargue before this Court. (See dkt. no. 453.) In fact, the cases that Mr. Cosme cites to support his Motion to Reargue—United States v. Stein, 435 F. Supp. 2d 330 (S.D.N.Y. 2006) and United States v. Weissman, 1997 WL 334966 (S.D.N.Y. June 16, 1997)—are inapposite. In Stein, an arbitration agreement existed between certain defendants and their former employer. See Stein, 435 F. Supp. 2d at 380 n.239 ("The Court is mindful of KPMG's contention that those of the KPMG Defendants who were partners in the firm are obliged by the

1

partnership agreement to arbitrate the issue of advancement."). No arbitration agreement existed between Mr. Cosme and TCIS. Similarly, in Stein and Weissman, there were pre-existing agreements to advance legal fees between defendants and their former employer.  See id. at 356 n.119 (noting the "Court's finding that KPMG would have advanced defense costs absent the government's interference"); Weissman, 1997 WL 334966, at *1 (noting that after a jury convicted the defendant of perjury and obstruction of justice, "Weissman's former employer, Empire Blue Cross/Blue Shield [], informed Weissman that it would no longer advance funds to meet the expense of his future legal proceedings").  No such agreement regarding the advancement of attorney's fees was reached between Mr. Cosme and TCIS.

Accordingly, because Mr. Cosme (1) seeks to reargue the merits of the claims he already presented in his Motion to Compel Arbitration, and (2) the cases he cited in his Motion to Reargue are inapposite, Mr. Cosme's Motion to Reargue [dkt. no. 461] is denied.  The Clerk of the Court shall mail a copy of this order to Mr. Cosme.

**SO ORDERED.**

Dated:    March 10, 2022
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge