UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

             Plaintiff,

-against-

WILLIAM COSME,
a/k/a "William Cosmo"

             Defendant.

No. 13-cr-43 (LAP)

ORDER

---

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of Mr. Cosme's letter dated July 29, 2022 (dkt. no. 500) where Mr. Cosme claims that the Court has lost jurisdiction because, among other reasons, he has filed several "non-frivolous Notices of Appeals." (Id. at 1 (emphasis in original).) Since March 2022, Mr. Cosme has filed five notices of appeal. (See dkt. nos. 464, 479, 486, 495, 499.) Most recently, Mr. Cosme appealed the Court's order dated July 29, 2021, granting Jesse Siegel's motion to withdraw pursuant to New York State Rule of Professional Conduct 1.16 and appointment of unconflicted CJA counsel Stephanie Carvlin. (See dkt. nos. 498, 499.)

    It is well established that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459

1

U.S. 56, 58 (1982). However, contrary to Mr. Cosme's argument, the Court of Appeals clearly stated in United States v. Rodgers, 101 F.3d 247 (2d Cir. 1996) that:

> The divestiture of jurisdiction rule is . . . not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.' Hence, its application is guided by concerns of efficiency and is not automatic.

Rodgers, 101 F.3d at 251 (citations omitted).

Courts in this Circuit agree that "Rodgers makes plain [that] the judicial divestiture rule does not apply where an appeal is frivolous . . . [or] to untimely or otherwise defective appeals." In re Chevron Corp., 749 F. Supp. 2d 170, 179 (S.D.N.Y. Nov. 30, 2010); see also Leonhard v. United States, 633 F.2d 599, 610-11 (2d Cir. 1980), cert. denied, 451 U.S. 908, 101 S. Ct. 1975, 86 L. Ed. 2d 295 (1981). Likewise, the district court retains jurisdiction if the filing of the notice of appeal was from an order that was "patently nonappealable." Rodgers, 101 F.3d at 251-52 ("We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court the power to do nothing but dismiss the appeal."); see also Burger King Corp. v. The Horn & Hardart Co., 893 F.2d 525, 527 (2d Cir. 1990). Thus, "in

appropriate circumstances, the filing of an appeal does not divest the district court of jurisdiction." <u>Satcom Int'l Grp. PLC v. Orbcomm Int'l Partners, L.P.</u>, 55 F. Supp. 2d 231, 233 (S.D.N.Y. 1999). Mr. Cosme's five recent notices of appeal (dkt. nos. 464, 479, 486, 495, 499) are such appeals.

Accordingly, the Court retains jurisdiction and will attend to Mr. Cosme's motions in the ordinary course.

**SO ORDERED.**

Dated:    August 2, 2022
          New York, New York

*/s/ Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge