Case 1:13-cr-00043-LAP   Document 554   Filed 08/21/23   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug 21 2023

The Honorable Loretta A. Preska – Sr. Judge

Daniel Patrick Moynihan United States Courthouse

500 Pearl St.

New York, NY 10007-1312

[DATE – 08/20/23]

[SENT VIA EMAIL - preskanysdchambers@nysd.uscourts.gov]

    **Re:** 13CR43 USA v. William R. Cosme

### NOTICE OF INTERLOCUTORY APPEAL(s)

This <u>Notice of Interlocutory Appeal(s)</u> is pursuant to 28 U.S. Code § 1292 involves immediately appealable non-frivolous issues that meet the constitutional and statutory criteria required for interlocutory appeal pursuant 28 U.S. Code § 1292 and the 6th Amendment in connection with dkt.(552).

    The district court motion denials being appealed are located in **SECTION A** below and are in connection with dkt.(552), are threshold issues and cannot wait until final judgement or a second appeal. All appeals are grounded upon the court's ongoing refusal to vacate, modify, dissolve illegal personam asset forfeiture injunctions upon non-tainted property interfering with counsels of choice for re-sentencing inter alia which is a non-frivolous "threshold issue".

    The instant case is at the pre-final judgement phase, on remand for re-sentencing. Mr. Cosme respectfully appeals dkt.(552) which is non frivolous, repetitive and is highly plausible pursuant to statutory and constitutional rights in connection with his direct appeal 17-1759 and the current remand for re-sentencing CA2 CASE: 17-1759 dkt.(459).

The Re-sentencing on remand in connection with a direct appeal 17-1759 requires that the defendant be afforded assistance of counsel and be represented by his counsels of choice under the circumstances because the defendant has $23mm of non-tainted property/substitute assets improperly, illegally restrained via a personam asset forfeiture injunctions which is an ongoing <u>threshold issue</u>, property rights deprivation again interfering with the defendant's/appellant's innocent property and counsel of choice rights <u>applicable to and impacting the re-sentencing inter alia</u>. Improper deprivation of non-tainted property rights ongoing is an ongoing constitutional violation that can repeatedly be sought for relief as long as the ongoing deprivation exists, without limitation. The portion of the $23mm of non-tainted property immediately needed to pay lawyers inter alia is $1mm.

Neither two grand jury's or a petit jury determined that one penny of Mr. Cosme's non-tainted commercial or personal property has a requisite nexus to a crime thus as per the law, all of Mr. Cosme's assets are non-tainted, substitute assets and 100% available to Mr. Cosme to pay his lawyers inter alia. See, *Luis v. US*, 136 S. Ct. 1083, 578 U.S. 5, 194 L. Ed. 2d 256 (2016).—see, "holding that the pretrial restraint of a defendant's legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment" - in US v. Heine, 2017.

Congress enacted the ability to appeal non final orders pertaining to injunctive relief, orders to appoint receivers inter alia, also see §1292(a)(1); orders regarding <u>receivers or receiverships,</u> §1292(a)(2); interlocutory decrees in <u>admiralty</u> cases (§1292(a)(3)) immediate appeal orders "<u>granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions</u>" is immediately appealable. 28 U.S.C. § 1292(a)(1), refusing to appoint receiver, <u>all applicable here</u>. Also see 28 U.S.C. §1292(b) enacted in 1958, §1292(b) meets "the recognized need for prompt review of certain nonfinal orders," *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 474 (1978), by establishing a mechanism for interlocutory review of difficult, potentially dispositive questions of law. In the words of the statute, §1292(b) permits interlocutory appeal of an <u>order that "involves a controlling question of law as to which there is a substantial ground for difference of opinion," but only if "an immediate appeal from the order may materially advance the ultimate termination of the litigation."</u>, applicable here.

The list of motions below in **SECTION A** were improperly denied by the respected Sr. Judge Preska at the district court, are threshold issues, impact the re-sentencing remand, <u>"involve a controlling question of law as to which there is a substantial ground for difference of opinion, "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions", involve orders regarding receivers or receiverships, involve decrees in admiralty, involve a substantial fraud on the court by officers of the court</u> to the extent of depriving the defendant/appellant's fundamental constitutional rights to use his own non tainted property to pay for his counsels of choice for the re-sentencing remand, living, business expenses inter alia.

NOTICE OF INTERLOCUTORY APPEAL(s) pursuant to 28 U.S.C. § 1292 is hereby given in the UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK stemming from the DENIAL of all of the district court ORDER(s) listed below in **SECTION A**:

# SECTION A

- Motion for Discovery, filed August 1, 2022. [Dkt. no. 502.]
- Rule 41(g) Motion for Return of Property and Attorneys Fees, filed March 24, 2023. [Dkt. no. 522.]
- Motion for Reconsideration, filed May 2, 2023. [Dkt. no. 534.]
- Motion to Vacate, Dissolve, or Modify Improper Injunctions, filed May 26, 2023. [Dkt. no. 542.]
- Motion for Issuance of a Letter Rogatory, filed June 2, 2023. [Dkt. no. 543.]
- Motion for New Trial, filed June 26, 2023. [Dkt. no. 546.]
- Motion to Appoint Receiver, filed July 18, 2023. [Dkt. no. 548.])

The pending remand for re-sentencing, assuming a valid remand order which it is not, is highly complex as is the USSG. The original sentence involving seasoned Sr. Judges, lawyers, Ivy League prosecutors, probation officers was so complex that even they could not get right despite the defendant himself in 2017 suggesting to all officers of the court via motion that the original sentencing was at error and would likely be remanded getting us here, a second remand which wasted the defendant's time and resources costing him seven figures, added prison time ongoing on top of $23mm of non-tainted property illegally forfeited, stolen by the FBI that the DOJ must investigate due to the courts being involved. Because the defendant notified the court and defense counsel of the court errors, judicial abuses of discretion and was repeatedly ignored but the "errors" ended up on remands there is robust, adequate proof developed in the record that it is the district court that relentlessly abuses its discretions always resulting in favor of the government in violation of the U.S. Constitution, further demonstrating relentless inability to rule with impartiality and/or rule or do anything correctly. The multiple remands have caused just about every relevant ruling by the district court to be vacated, see August 6, 2013 and omni order/April 21, 2014 orders, note two remands.

Remands for judicial abuses of discretion should not be ordered to be put before the same judge who repeatedly abuses discretions resulting in multiple remands inter alia respectfully. The instant case records show that Sr. Judge Preska is adored by CA2 which is fine and dandy however the instant case record shows that nothing she ruled on is constitutional putting aside frauds on the court that permeate the entire case, re-sentencing that she refuses to investigate. Fraud on the court is also a basis for interlocutory appeal impacting re-sentencing. A judicial officer pretending that fraud on the court does not exist is improper respectfully. Mr. Cosme and his retained lawyers thwarted by the courts have alleged frauds on the court since inception 2012. The fully developed record now supports the fact that fraud on the court does exist which impacts resentencing in addition to interlocutory appeals inter alia.

WILLIAM R. COSME – 67795-054

CORE SERVICES RRM/RRC

104 Gold St.

Brooklyn, NY 11201

631.984-0912