```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>-against-<br><br>WILLIAM COSME,<br>a/k/a "William Cosmo"<br><br>                    Defendant. | No. 13-CR-43 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Mr. Cosme's most recent motion to recuse.  (Dkt. no. 545.)  In it, Mr. Cosme relies on what he characterizes as "severe perpetual sequestration" which he argues disables the courts from fulfilling "the promise of Gideon v. Wainwright and the Sixth Amendment by providing vigorous and high-quality legal representation free of charge to indigent persons accused of federal felonies," (dkt. no. 545 at 2), personal bias of the Court, and extrajudicial communications.

    With respect to "severe perpetual sequestration," Mr. Cosme makes no effort to show how any lack of resources affected his case.  Indeed, the docket sheet reflects the appointment of approximately nine lawyers as CJA counsel for Mr. Cosme over the course of this case.  Accordingly, that ground for recusal is meritless.

    With respect to personal bias, Mr. Cosme relies on "two remands due to Judge Preska's relentless legal errors and abuse of discretion" and Judge Preska's position as "a victim of

severe, underlying prosecutorial misconduct that interfered with proper administration of criminal justice, the judicial machinery." (Id. at 3) (emphasis in original). First, to the extent that the Court has committed "relentless legal errors and abuse of discretion," such complaints about a court's rulings are an insufficient basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") (citation omitted). To the extent that Mr. Cosme relies on "severe underlying prosecutorial misconduct," there has been no finding of such, and, accordingly, these allegations are not a basis for recusal.

Also with respect to personal bias, Mr. Cosme argues that the Court's appointing Daniel Lawrence Stein to represent him was a conflict due to Mr. Stein's "participation in the ongoing bad faith prosecution of Mr. Cosme involving an underlying, ongoing unlawful $23mm asset forfeiture of non-tainted property owned by Mr. Cosme and the ongoing bad faith prosecution." (Dkt. no. 545 at 3.) Mr. Cosme has not demonstrated any prejudice from that assignment, and, indeed, the record reflects Mr. Stein's immediate withdrawal from that appointment because Mr. Cosme's matter was a "matter that [Mr. Stein] supervised while serving as Chief of the Criminal Division in the United States Attorney's Office for the Southern District of New York." (Dkt. no. 451.) Accordingly, this is not grounds for recusal.

Finally, Mr. Cosme asserts "extrajudicial communications" between the Court and attorney Michael Paul Heffernan, (id. at 3), and with "lawyers who have never entered the case at bar i.e., lawyers from Paul Hastings," (id. at 4).  The Court is not aware of any such extrajudicial communications and, accordingly, this is not basis for recusal.

For the reasons set out above, Mr. Cosme's motion to recuse, (dkt. no. 545,) and his reminder of such, (dkt. no. 555), are denied.

The Clerk of the Court shall mail a copy of this order to Mr. Cosme.

**SO ORDERED.**

Dated:    New York, New York
          September 13, 2023

_____
LORETTA A. PRESKA
Senior United States District Judge