UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff,

-against-

WILLIAM R. COSME,

                    Defendant.

No. 13-CR-43 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Mr. Cosme's pro se Motion to Vacate Criminal Asset Forfeiture Orders and Judgements Upon Substitute Property. (See dkt. no. 606 [the "Motion to Vacate"].) In his Motion to Vacate, Mr. Cosme seeks vacatur of the Preliminary Order of Forfeiture as to Substitute Assets issued by the Court on February 26, 2024. (See dkt. no. 601 [the "Preliminary Forfeiture Order"].)

However, as Mr. Cosme notes, (see Motion to Vacate at 2), he has already noticed his appeal of the Preliminary Forfeiture Order. (See dkt. no. 602.) Mr. Cosme's "filing of a notice of appeal is an event of jurisdictional significance[.]" Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). "[I]t confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Id. Although the "divestiture of jurisdiction rule is . . . not a per se rule" and its "application [must be] guided

1

by concerns of efficiency[,]" the recognized exceptions to the divestiture of jurisdiction rule are not applicable on the instant motion. That is because the Court of Appeals has "not relaxed the rule to the point of" permitting a district court to retain jurisdiction to address or modify criminal judgments substantively. United States v. Jacques, 6 F.4th 337, 344 (2d Cir. 2021) (internal quotations and citations omitted).

Because "[a]n appeal from a criminal judgment 'incorporates both the adjudication of guilt and sentence'" and "'criminal forfeiture is an element of [a] sentence,'" Mr. Cosme's Motion to Vacate is substantive, and his filing of a notice of appeal of the Preliminary Forfeiture Order leaves the Court without any jurisdiction to decide the motion. United States v. Afriyie, No. 16-CR-377 (PAE), 2017 WL 6375781, at *3 (S.D.N.Y. Dec. 11, 2017) (emphasis added) (quoting United States v. Caltabiano, 871 F.3d 210, 214-15 (2d Cir. 2017) and Libretti v. United States, 516 U.S. 29, 41 (1995)) (holding district court was without jurisdiction to rule on any motion concerning a forfeiture order that was the subject of a notice of appeal). As Judge Sullivan recently held, a motion to vacate a preliminary order of forfeiture is thus "not actionable" after a defendant "file[s] a Notice of Appeal of that same Order" until the clerk of the Court of Appeals issues a mandate on the outcome of the appeal. SEC v. Amerindo Inv.

Advisors Inc., No. 05-CR-621 (RJS), 2020 WL 236748, at *3 (S.D.N.Y. Jan. 14, 2020).

Accordingly, the Court lacks jurisdiction to decide Mr. Cosme's Motion to Vacate while Mr. Cosme's appeal remains pending.

The Clerk of the Court shall close docket entry number 606 and mail a copy of this order to Mr. Cosme.

**SO ORDERED.**

Dated:    July 17, 2024
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

3