```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>-against-<br><br>WILLIAM R. COSME<br><br>                    Defendant. | 13-cr-43 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Mr. Cosme's pro se motion to stay an order of restitution or other fees pending the resolution of his appeal in the Court of Appeals. (See dkt. no. 604 [the "Motion to Stay"].) For the reasons set forth below, the Motion to Stay is denied.

I. **Background**

On July 14, 2017, this Court sentenced Mr. Cosme to 111 months imprisonment after he was convicted of one count of wire fraud and one count of aggravated identity theft. (See dkt. no. 398.) The Court additionally ordered Mr. Cosme to pay restitution in the amount of $5.5 million to the Taejon Christian International School, (see dkt. no. 397), and imposed a special assessment of $200.00, (see dkt. no. 398). The Court also issued a final order of forfeiture on November 21, 2019. (See dkt. no. 428.)

On August 5, 2021, Mr. Cosme remitted payment of $2,855,423 to the Court to be applied to the $5.5 million restitution the Court had ordered him to pay.  (See Restoration of Forfeited Funds

1

Received, Aug. 5, 2021; see also dkt. no. 609 ["Gov't Opp."] at 3 n.2.) However, Mr. Cosme subsequently filed a direct appeal challenging his conviction and sentence. The Court of Appeals affirmed the judgment as to both counts and ordered a narrow remand for sentencing under the Federal Sentencing Guidelines. United States v. Cosme, 2021 WL 2964322, at *5 (2d Cir. July 15, 2021). The court held that the two-level sentencing enhancement of U.S.S.G. § 2B1.1(b)(2)(A)(iii) was not in effect at the time of Mr. Cosme's offense and required this Court to resentence Mr. Cosme under the correct guidelines. See id.

After holding a resentencing hearing on November 30, 2023, on the limited grounds ordered by the Court of Appeals, this Court subsequently resentenced Mr. Cosme to an identical sentence of 111 months imprisonment, $5.5 million in restitution, and a $200 special assessment. (See dkt. no. 590 ["Amended Judgment"] at 3, 6.) After this Court granted him an extension to file a notice of appeal, Mr. Cosme noticed his appeal of the Amended Judgment on January 11, 2024. (See dkt. no. 597.)

On February 26, 2024, the Court entered a preliminary order of forfeiture of substitute assets directing, inter alia, that certain of Mr. Cosme's assets be applied toward the satisfaction of the $5.5 million restitution order. (See dkt. no. 601.) On February 29, 2024, Mr. Cosme filed a notice of appeal of this order, as well. (See dkt. nos. 602-03.)

Mr. Cosme filed the instant motion on July, 15 2024. (Motion to Stay). This Court subsequently ordered a response from the Government, (see dkt. no. 605), which the Government filed on August 2, 2024, (Gov't Opp at 1.) Mr. Cosme submitted his reply on August 15, 2024. (See dkt. no. 610 ["Def. Reply"].)

## II. Discussion

The Federal Rules of Criminal Procedure grant the Court discretion to "stay—on any terms considered appropriate—any sentence providing for restitution under 18 U.S.C. § 3556 or notice under 18 U.S.C. § 3555." See FED. R. CRIM. P. 38(e)(1). The Court examines four factors when considering a motion to stay restitution payments: 1) the likelihood of success on appeal; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and 4) where the public interest lies. United States v. Tagliaferro, 2021 WL 5983126, at *4 (S.D.N.Y. Dec. 17, 2021) (citation omitted). The first two factors weigh most heavily in considering a stay. Id.

Here, all four factors weigh against granting a stay. First, it is exceedingly unlikely that Mr. Cosme's second appeal will succeed on the merits. The Court of Appeals previously affirmed Mr. Cosme's conviction. Cosme, 2021 WL 2964322, at *4-5. The court explicitly rejected Mr. Cosme's arguments on appeal, holding the superseding indictment for aggregated identity theft was

3

sufficient, seizure of Mr. Cosme's assets was supported by probable cause, and the District Court acted properly in appointing counsel to represent Mr. Cosme. See id. at *2-5. The Court of Appeals only remanded for the narrow purposes of correctly calculating the sentence under the applicable Sentencing Guidelines. Id. at *5. Further, Mr. Cosme has not identified any recent legal or factual developments in his case sufficient to challenge the identical judgment and sentence he received from the Court on November 30, 2023. (See dkt. no. 590); cf. United States v. Razzouk, 2018 WL 3574868, at *2 (E.D.N.Y. July 25, 2018) (finding defendant might be successful on the merits due to a recent Supreme Court decision altering relevant law). Therefore, it is unlikely that Mr. Cosme will succeed in his effort to appeal his sentence.

Furthermore, Mr. Cosme will not be irreparably harmed in the absence of a stay. Courts in this District and throughout the Second Circuit have held that orders to pay restitution based on a percentage of the defendant's monthly income do not constitute irreparable harm. See, e.g., Tagliaferro, 2021 WL 5983126, at *4; United States v. O'Sullivan, 2023 WL 7110292, at *7 (E.D.N.Y. Oct. 27, 2023) (finding no irreparable harm where the defendant was required to pay twenty-five percent of the restitution sum each quarter); cf. United States v. Silver, 203 F. Supp. 3d. 370, 385 (S.D.N.Y. 2016) (finding that a defendant forced to sell two properties and incur significant tax liability would suffer

4

irreparable harm absent a stay of a financial penalty). Mr. Cosme is required to pay fifteen-percent of his gross monthly income in restitution. (See dkt. no. 590 at 7.) Due to the monthly percentage nature of his payments, Mr. Cosme will not suffer irreparable harm in the absence of a stay. See Tagliaferro, 2021 WL 5983126, at *4.

A grant of a stay would, however, substantially injure Taejon Christian International School. As of August 2024, Mr. Cosme has returned $2,856,171.20 owed to the school. (Gov't Opp. at 3.) Thus, he still owes the school approximately $2.65 million in restitution as a result of his actions from over a decade ago. (Id. at 3, n.2.) The victim of Mr. Cosme's conduct should not be made to wait even longer for restitution as Mr. Cosme continues to delay full payment through his lengthy appeals process.

Finally, the public interest is best served by Mr. Cosme's continuing to make restitution payments. An educational institution should be compensated for its loss with minimal delay. Mr. Cosme's lengthy appeals process has already significantly delayed the payments owed to the victims of his fraudulent activity. The public interest is best served by his completing them as quickly as possible.

### III. Conclusion

The Clerk of Court shall close docket entry number 604 and mail a copy of this order to Mr. Cosme.

**SO ORDERED.**

Dated:     September 16, 2024
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge